**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS ENRIQUE PLEITEZ ESCOBAR,
AKA Luis Enrique Pleitez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   16-71682

Agency No. A095-787-051

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted on September 8, 2020[**]

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Luis Enrique Pleitez Escobar, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Pleitez Escobar failed to establish the harm he experienced or fears in El Salvador was or would be on account of his family membership. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). Thus, his asylum and withholding of removal claims fail.

As to CAT, Pleitez Escobar does not challenge the BIA's waiver determination, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived), and we lack jurisdiction to consider Pleitez Escobar's arguments concerning the merits of his CAT claim, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

As stated in the court's August 19, 2016 order, the temporary stay of

removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**